UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS T. GAY, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 08-4032 |
| ) | |
| DARWYN ROBINSON, RUSTY HOKER, ) | |
| KIRK PATTISON, and ROY MELTON, ) | |
| ) | |
| Defendants. ) | |

## O R D E R

This matter is now before the Court on a Motion to Dismiss by Defendants Darwyn Robinson ("Officer Robinson"), Rusty Hoker ("Sergeant Hoker"), Kirk Pattison ("Officer Pattison"), and Roy Melton ("Officer Melton"). For the reasons set forth below, the Motion to Dismiss [#16] is GRANTED IN PART and DENIED IN PART.

### JURISDICTION

The Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331, as the claim arises under 42 U.S.C. § 1983.

### BACKGROUND

On March 10, 2007, Officer Robinson and Officer Cary of the Rock Island Police Department detained Plaintiff's niece, LaCarsha Gay, Elizabeth Richards, and Shanika Jackson ("Jackson") during a traffic stop.[1] LaCarsha phoned Plaintiff, Marcus Gay ("Gay"),

---

[1] Unless otherwise noted, the information in the background section of this Order was taken from the allegations in the Complaint.

came to the scene and found the women already sitting in the back of a squad car. He asked Officer Cary why the women were being arrested and was told that Officer Cary did not know what each of them would be charged with. Gay then asked what probable cause there was to search and seize the women and was told that Officer Cary did not know. Gay called the Rock Island Police Department and reported what he perceived to be the illegal search and arrest of the women.

Sergeant Hoker arrived on the scene. Officer Robinson approached Sergeant Hoker and told him that Gay had obstructed the arrest of Jackson. Sergeant Hoker placed Gay in handcuffs, read him his <u>Miranda</u> warnings, and placed him in the back of Officer Pattison's squad car. Officer Pattison then transported him to the Rock Island County Jail, where he was searched, booked, and placed in a cell.

On March 13, 2007, Officer Melton stated under oath that Gay had obstructed Officer Pattison from arresting Jackson. Defendant William Kalinak ("Kalinak"), an Assistant State's Attorney, charged Gay with obstructing the performance of a police officer by repeatedly demanding information from the officers on the scene concerning Jackson's arrest and refusing verbal commands to stop demanding information and leave the immediate area.

On June 19, 2008, Gay filed his Complaint alleging: (1) a claim for false arrest and false imprisonment against Officers Robinson, Hocker, and Pattison; (2) a claim against Officer Melton for initiating a malicious prosecution; and (3) a claim against ASA Kalinak for malicious prosecution.[2] Defendants Robinson, Hocker, Pattison, and Melton have now moved to dismiss the Complaint for failure to comply with Rule 8 of the Federal Rules of

---

[2] ASA Kalinak has filed an Answer and Affirmative Defenses to the Complaint.

Civil Procedure and for failure to state a claim upon which relief can be granted. Gay has filed his response, and this Order follows.

## STANDARD OF REVIEW

Since Gay is representing himself pro se, the Court will construe the complaint liberally and will not hold it "to the stringent standards expected of pleadings drafted by lawyers." McCormick v. City of Chicago, 230 F. 3d 319, 325 (7th Cir. 2000). "Therefore, a pro se civil rights complaint may only be dismissed if it is beyond a doubt that there is no set of facts under which the plaintiff could obtain relief." Id.

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory. Sutliff, Inc. v. Donovan Co., 727 F.2d 648 (7th Cir. 1984). However, a complaint need not plead legal theory, nor need it match facts to every element of a legal theory. Bennett v. Schmidt, 153 F.3d 516 (7th Cir. 1998). The Seventh Circuit has recently emphasized the "limited analysis appropriate on a motion to dismiss under Rule 12(b)(6)." Cook v. Winfrey, 141 F.3d 322 (7th Cir. 1998). General allegations of elements of a claim, unsupported by factual

allegations in support, are sufficient to satisfy the "minimal requirements of federal notice pleading." Id. at 328.

If the plaintiff's claim as pled, however, is "without legal consequence," dismissal is proper. Grzan v. Charter Hospital, 104 F.3d 116, 119 (7th Cir. 1997). One of the purposes of Rule 12(b)(6) is to eliminate actions that are fatally flawed in their legal premises and are destined to fail, thus sparing litigants the burdens of unnecessary pretrial and trial activity. Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc., 988 F.2d 1157, 1160 (Fed. Cir. 1993).

## DISCUSSION

Defendants have collectively made four main arguments in support of their Motion to Dismiss: (1) the Compaint is insufficient under Rule 8 of the Federal Rules of Civil Procedure; (2) Gay has failed to state a claim for false arrest; (3) Gay has failed to state a claim for false imprisonment; and (4) Gay has failed to state a claim for malicious prosecution against Officer Melton.

**I.     Rule 8**

Defendants argue that Gay's Complaint is insufficiently vague and conclusory. However, Defendants are demanding a level of specificity that is not required under the Federal Rules. Federal Rule of Civil Procedure 8(a) does not require a claimant to set forth a detailed statement of the claim, but rather only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 103 (1957). A complaint need not plead legal theory, nor need it match facts to every element of a legal theory. Bennett v. Schmidt, 153 F.3d 516 (7th Cir. 1998); Kyle v. Morton High School, 144 F.3d 448, 455 (7th Cir. 1988). The Seventh Circuit

has emphasized the "limited analysis appropriate on a motion to dismiss under Rule 12(b)(6)." Cook v. Winfrey, 141 F.3d 322 (7th Cir. 1998). General allegations of elements consistent with a claim, unsupported by factual allegations in support, are sufficient to satisfy the "minimal requirements of federal notice pleading." Id. at 328.

The allegations in Gay's Complaint, albeit general, are sufficient to satisfy the very minimal requirements of federal notice pleading. Gay's allegations have adequately placed Defendants on notice of the gist of the claims being asserted against them and have obviously enabled them to prepare a responsive pleading. Accordingly, while the specific claims in Gay's Complaint will be addressed below for adequacy under Rule 12(b)(6), the general objection for vagueness is without merit.

## II. False Arrest

A common law claim for false arrest in Illinois can be based upon the following facts: (1) actual intent to restrain the plaintiff; (2) unlawful or illegal restraint of the plaintiff; (3) restraint against the will of the plaintiff; (4) actual physical restraint of the plaintiff. Colton v. Swain, 527 F. 2d 296, 304 (7th Cir. 1975). "If the officer had probable cause to believe that the person he arrested was involved in criminal activity, then a Fourth Amendment claim for false arrest is foreclosed." Holmes v. Village of Hoffman Estates, 511 F.3d 673, 680-81 (7th Cir. 2007); Williams v. Rodriguez, 509 F.3d 392, 398 (7th Cir. 2007); Abrams v. Walker, 307 F.3d 650, 657 (7th Cir. 2002); Hajawii v. Venture Stores, Inc., 125 Ill.App.3d 22, 465 N.E.2d 573 (1st Dist. 1986).

A police officer has probable cause to arrest when "the facts and circumstances within [his] knowledge and of which [he has] reasonably trustworthy information [are] sufficient to warrant a prudent [person] in believing that the [suspect] had committed or was

committing an offense." Booker v. Ward, 94 F.3d 1052, 1057 (7th Cir. 1996); Wagner v. Washington County, 493 F.3d 833, 836 (7th Cir. 2007). Probable cause requires more than a bare suspicion of criminal activity, but there need not be enough evidence to support a conviction. Holmes, 511 F.3d at 679.

> Probable cause is assessed objectively; a court looks at the conclusions that the arresting officer reasonably might have drawn from the information known to him rather than his subjective reasons for making the arrest. In making that assessment, the court must consider the facts as they reasonably appeared to the arresting officer, seeing what he saw, hearing what he heard, and so forth.

Id. (internal citations omitted)

In this case, Gay has alleged that he was arrested on March 10, 2007, based on a false cause of obstructing an arrest. He admits in his complaint that he appeared on the scene and began questioning officers regarding what the women were being charged with and what the basis for probable cause to search and arrest them was. However, he also asserts that all three of the women were already in the squad car when he arrived and does not indicate that he spoke to anyone other than Officer Cary or was asked to leave the area.

Defendants argue that Gay has failed to plead sufficient facts to demonstrate that any of their actions were either illegal or unlawful. They further contend that he has pled no facts that would demonstrate that they did not have probable cause or reasonable grounds to believe that an offense has been committed. However, it is well-settled that a plaintiff does not need to plead facts in order to survive a motion to dismiss, and the existence of probable cause is a fact-based inquiry that is more properly resolved on summary judgment. Accordingly, the Motion to Dismiss the false arrest claim is denied.

### III. False Imprisonment

To state a claim for false imprisonment, a plaintiff must show that he was restrained or arrested without reasonable grounds to believe that an offense had been committed. McDade v. Stacker, 106 Fed.Appx. 471, 475 (7th Cir. 2004), *citing* Meerbrey v. Marshall Field & Co., Inc., 139 Ill.2d 455 (Ill. 1990). As with a state law claim for false arrest, probable cause is also an absolute defense to a false imprisonment claim. Mustafa v. City of Chicago, 442 F.3d 544, 547 (7th Cir. 2006).

Defendants again argue that Gay has failed to plead sufficient facts to demonstrate that any of their actions were either illegal, unlawful, or not done in good faith. They further contend that he has pled no facts that would demonstrate that they did not have probable cause or reasonable grounds to believe that an offense has been committed. Like the false arrest claim, Gay is not required to plead facts in order to survive a motion to dismiss, and the existence of probable cause is a fact-based inquiry that is more properly resolved on summary judgment. Accordingly, the Motion to Dismiss the false imprisonment claim is also denied.

### IV. Malicious Prosecution

Gay's Complaint specifically alleges that Melton initiated his malicious prosecution by stating under oath that Gay had knowingly obstructed the performance of Officer Pattison in arresting Jackson. To state a cause of action for malicious prosecution under § 1983, he must allege that: "(1) he has satisfied the requirements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty." Sneed v. Rybicki, 146 F. 3d 478, 480 (7th Cir. 1998). Under Illinois law, he must allege that: "(1) he was subjected to judicial proceedings;

(2) for which there was no probable cause; (3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were terminated in the plaintiff's favor; (5) there was an injury." Id. at 480- 81.

Here, Gay has not given any indication that the criminal proceedings were terminated in his favor. To the contrary, it would appear that he was convicted and that his appeal to the Illinois Appellate Court remains pending. As a malicious prosecution claim cannot be maintained until all of the criminal proceedings have been terminated in favor of the plaintiff, the cause of action does not accrue until the proceedings are over. Id. Under these circumstances, the Court must find that any claim for malicious prosecution is premature. Gay has therefore failed to adequately plead a claim for malicious prosecution against Officer Melton, and this portion of his Complaint is dismissed without prejudice as premature.

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss [#16] is GRANTED IN PART and DENIED IN PART. The malicious prosecution claim against Officer Melton is DISMISSED WITHOUT PREJUDICE as premature, and Officer Melton is TERMINATED as a party to this action. Defendants Robinson, Hoker, and Pattison are directed to answer the Complaint within 14 days.

ENTERED this 26th day of January, 2009.

        s/ Michael M. Mihm
        Michael M. Mihm
        United States District Judge