E-FILED
Thursday, 01 April, 2010  04:53:33 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS T. GAY, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-4032 |
| ) | |
| DARWYN ROBINSON, RUSTY HOKER, ) | |
| KIRK PATTISON, and ROY MELTON, ) | |
| ) | |
| Defendants. ) | |

## O R D E R

This matter is now before the Court on a Motion for Summary Judgment by by Defendants Darwyn Robinson ("Officer Robinson"), Rusty Hoker ("Sergeant Hoker"), Kirk Pattison ("Officer Pattison"), and Roy Melton ("Officer Melton"), and a separate Motion for Summary Judgment by Defendant William Kalinak. For the reasons set forth below, the Motions for Summary Judgment [#29 and #31] are GRANTED.

### JURISDICTION

The Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331, as the claim arises under 42 U.S.C. § 1983.

### BACKGROUND

On March 10, 2007, Officer Robinson and Officer Cary of the Rock Island Police Department detained Plaintiff's niece, LaCarsha Gay, Elizabeth Richards, and Shanika Jackson ("Jackson") during a traffic stop. LaCarsha phoned Plaintiff, Marcus Gay ("Gay"), who came to the scene and found the women already sitting in the back of a squad car.

Gay asked the officers why the women were being arrested and what probable cause there was to search and seize the women. After being told that some of the information was still being gathered and that he was not entitled to some of the information requested, Gay continued to persist with his questions over a span of 10-15 minutes, disregarding orders to get out of the street and move away from the squad car.

Sergeant Hoker arrived on the scene. Officer Robinson approached Sergeant Hoker and told him that Gay had obstructed the arrest of Jackson. Sergeant Hoker placed Gay under arrest, read him his Miranda warnings, and placed him in the back of Officer Pattison's squad car. Officer Pattison then transported him to the Rock Island County Jail, where he was searched, booked, and placed in a cell.

On March 13, 2007, Officer Melton swore out a complaint alleging that Gay had obstructed a peace officer in the arrest of Jackson. Defendant William Kalinak ("Kalinak"), an Assistant State's Attorney, charged Gay with obstructing the performance of a police officer by repeatedly demanding information from the officers on the scene concerning Jackson's arrest and refusing verbal commands to stop demanding information and leave the immediate area. Probable cause was found, and on August 8, 2008, a jury returned a guilty verdict on the charges. Gay appealed, and on September 17, 2009, the Illinois Appellate Court issued an Opinion and Order affirming the jury verdict.

On June 19, 2008, prior to the trial or ruling on appeal, Gay filed his Complaint alleging: (1) a claim for false arrest and false imprisonment against Officers Robinson, Hocker, and Pattison; (2) a claim against Officer Melton for initiating a malicious prosecution; and (3) a claim against ASA Kalinak for malicious prosecution. Defendants have now moved for summary judgment based on the ruling of the Illinois Appellate Court

upholding Gay's conviction. Gay has failed to file a timely response or request an extension of time in which to do so despite having received written notice of the consequences of his failure to do so, and is therefore deemed to have conceded the Motions pursuant to Local Rule 7.1(B) and <u>Timms v. Frank</u>, 953 F.2d 281 (7th Cir. 1992). This Order follows.

## DISCUSSION

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." <u>Id.</u> at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986); <u>Cain v. Lane</u>, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. <u>Celotex</u>, 477 U.S. at 324. Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the

[non-moving party]." Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989).  Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

By virtue of the fact that Gay was found guilty by a jury and his conviction was affirmed on appeal, it is axiomatic that any claims for malicious prosecution must fail, as a lack of probable cause and the termination of criminal proceedings in his favor are necessary elements of the cause of action.  Ferguson v. City of Chicago, 213 Ill.2d 94, 99 (2004); Cult Awareness Netword v. Church of Scientology International, 177 Ill.2d 267, 272 (1997).  Gay's claims against Defendant Kalinak are therefore without merit, and his Motion for Summary Judgment must be granted.

Similarly, as the factual basis for the assertion of probable cause based on Officer Robinson's observations was confirmed by the Illinois Appellate Court, and the evidence was held to be sufficient to support the jury's verdict, his Fourth Amendment claim for false arrest/imprisonment based on a lack of probable cause must also fail.  *See* Meerbrey v. Marshal Field and Company, Inc., 139 Ill.2d 455 (Ill, 1990); Mustafa v. City of Chicago, 442 F.3d 544, 547 (7th Cir. 2006).  As Gay has failed to present any issue of material fact with respect to Officer Robinson's belief that there was probable cause to support Gay's arrest or the good faith reliance of the assisting officers on what they were told, and probable cause is an absolute defense to claims of false arrest/imprisonment, Defendants Robinson, Hocker, and Pattison are also entitled to summary judgment in their favor.

## **CONCLUSION**

For the reasons set forth above, Defendants' Motions for Summary Judgment [#29 and #31] are GRANTED.  This matter is now terminated.

ENTERED this 1st day of April, 2010.

                                                                           s/ Michael M. Mihm
                                                                             Michael M. Mihm
                                                           United States District Judge